IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | |
|---|---|
| CLAUDE HUARD, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 6:22-CV-03269-MDH |
| ) | |
| BRAUM'S AN AFFAIR ) | |
| OF THE HEART, et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Plaintiff filed a pro se Motion for Leave to Proceed in Forma Pauperis on October 14, 2022. (Doc.1) This Court granted Plaintiff's request October 19, 2022. (Doc. 2). Plaintiff attached to his pro se motion a separate ex parte Motion for Temporary Restraining Order ("TRO"), requesting this Court enter an injunction enjoining Defendants from holding An Affair of the Heart ("AAOTH"), a craft show scheduled at the Oklahoma Fair Grounds October 21-23, 2022.

Plaintiff alleges Defendant Tasha "Doe" slandered Plaintiff following a dispute about booth space at a similar craft show in July 2022. Plaintiff further alleges AAOTH organizers returned Plaintiff's deposit for and banned Plaintiff from future AAOTH craft shows following Plaintiff's disagreement with Defendant Tasha "Doe." Plaintiff contends this constitutes breach of contract. Though somewhat unclear, Plaintiff also appears to claim Fourteenth Amendment violations.

Analyzing a request for preliminary injunction and temporary restraining order, the Court weighs: 1) probability movant will succeed on the merits; 2) threat of irreparable harm to the

movant absent injunction; 3) balance between threatened harm to the movant and harm the injunction would inflict on other interested parties; and 4) public interest. *Dataphase Sys., Inc. v. C L Syst., Inc.*, 640 F.2d 109, 114 (8th Cir.1981) (en banc). "No single factor is dispositive;" rather, the court must consider all factors to, "determine whether on balance they weigh towards granting the injunction." *Calvin Klein Cosmetics Corp. v. Lenox Labs., Inc*., 815 F.2d 500, 503 (8th Cir. 1987).

This Court remains unconvinced Plaintiff is likely to succeed on the merits. "Under Missouri law, '[a] breach of contract action includes the following essential elements: (1) the existence and terms of a contract; (2) that plaintiff performed or tendered performance pursuant to the contract; (3) breach of the contract by the defendant; and (4) damages suffered by the plaintiff.'" *Smith Flooring, Inc. v. Pennsylvania Lumbermens Mut. Ins. Co*., 713 F.3d 933, 941 (8th Cir. 2013) (citations omitted). Plaintiff's Motion for TRO and complaint fail to allege sufficient facts to establish the existence and breach of a contract. Further, Plaintiff's Motion for TRO and complaint fail to allege sufficient facts to show irreparable harm. While it is conceivable Plaintiff will miss out on business from repeat customers if AAOTH is allowed to take place without Plaintiff, this does not constitute *irreparable* harm. "In order to demonstrate irreparable harm, a party must show that the harm is certain and great and of such imminence that there is a clear and present need for equitable relief." *Novus Franchising, Inc. v. Dawson*, 725 F.3d 885, 895 (8th Cir. 2013) (citations omitted).

## CONCLUSION

For foregoing reasons, Plaintiff's ex parte Motion for TRO is denied. Plaintiff may renew a request for a preliminary injunction once counsel has entered for Defendants.

**IT IS SO ORDERED.**

Dated: October 20, 2022  /s/ Douglas Harpool
**DOUGLAS HARPOOL**
**United States District Judge**